UNITED STATES BANKRUPTCY COURT

Eastern District of Tennessee

Southern Division

IN RE:    Larry Frank Shamblin                                          Case No.    13-13179

                                                                         Judge    Cook/Rucker

                                                                         Chapter 13

## CHAPTER 13 PLAN

**ORIGINAL**

*Dated:*    June 28, 2013

**1. Payments and Term.**

The Debtor will pay the Chapter 13 Trustee    **$1,940.00**    **Monthly**    for **60** months by    Direct Pay

and the following additional monies:    plus tax refunds, less allowed credits

**2. Priority Claims (including administrative expenses).**

(a) All administrative expenses under 11 U.S.C. §§ 503(b) & 1326 will be paid in full, including fees to the debtor's attorney in the amount of    **$3,000.00**, less    **$0.00**    previously paid by the debtor.

(b) Except as provided in paragraph 6 below, claims entitled to priority under 11 U.S.C. § 507 will be paid in full in deferred cash payments, with tax claims paid as priority, secured, or unsecured in accordance with the filed claim.

**3. Secured Claims.**

(a)  Cramdowns. The holders of the following allowed secured claims retain the liens securing such claims and will be paid by the trustee the value of the security in the manner specified below. The portion of any allowed claim that exceeds the value indicated will be treated as an unsecured claim under paragraph 4(a) below.

| *Creditor* | *Collateral* | *Value* | *Monthly Payment* | *Interest Rate* |
|---|---|---|---|---|
| | | | | |

(b)  Surrender. The debtor will surrender the following collateral and the creditor will have an allowed deficiency claim which will be paid as unsecured under paragraph 4(a) below.

| *Creditor* | *Collateral to Be Surrendered* |
|---|---|
| | |

(c) *Long-Term Mortgages.* The holders of the following mortgage claims will retain their liens and will be paid monthly maintenance payments which will extend beyond the life of the plan. Any arrearage amount set forth below is an estimate; arrearage claims will be paid in full in the amount in the filed claim, absent an objection. Increases in the monthly maintenance payments during the life of the plan will be paid by the indicated payer.

| *Creditor* | Estimated *Arrearage* | Arrearage *Interest Rate* | Arrearage *Monthly Payment* | Maintenance *Payment* | Payment By: *(Trustee or Debtor)* |
|---|---|---|---|---|---|
| **BECU** | | | | $556.63 | **Trustee** |
| **Wells Fargo** | | | | $1,225.00 | **Trustee** |

CHAPTER 13 PLAN (Continued)

ORIGINAL

*Dated:*  June 28, 2013

(d) *De Novo Review.*  Notwithstanding any provision of this plan, the secured status and classification of any purported secured claim are subject to *de novo* review on the request of any party in interest made within 90 days following the filing of the claim or the expiration of the deadline for filing proofs of claim, whichever comes later.

**4. Unsecured Claims.**

(a) *Nonpriority.*  Except as provided in subparagraph (b) and in paragraph 6 below, allowed nonpriority unsecured claims will be paid:     **Pro Rata**                                                                                   .

(b) *Post-petition.*  Claims allowed under 11 U.S.C. § 1305 will be paid in full.

**5. Executory Contracts and Unexpired Leases**.  Except the following which are assumed, all executory contracts and unexpired leases are rejected, with any claim arising from the rejection to be paid as unsecured as provided in paragraph 4(a) above:

| Property Description | Contract Number | Other Party to Contract |
|---|---|---|

**6. Special Provisions.**  (such as cosigned debts, debts paid by third party, student loans, special priority debts)

| | |
|---|---|
| **BECU (2005 Ford Lariat (impounded by McMinn Co)** | **to be surrendered in full satisfaction of the debt.** |
| **BECU (2005 John Deere 4210 (needs engine replaced))** | **to be surrendered in full satisfaction of the debt.** |
| **Ford Motor Credit (2011 Ford F-150 (wrecked))** | **To be surrendered in full satisfaction of the debt.** |

**7. Liens to be avoided under §§ 506 & 522(f).**  Confirmation of this plan shall constitute an order avoiding the liens of the following creditors:

**8. Property of the Estate.**  All property of the Debtor(s) is included as property of the estate and shall remain so until discharge unless otherwise ordered by the Court

Date:  June 28, 2013        Signature  /s/ Richard L. Banks, #000617

Richard L. Banks, #000617, Attorney for Debtor
Richard Banks & Associates, P.C.
P.O. Box 1515
Cleveland, TN 37364-1515
(423)479-4188

Date:  June 28, 2013        Signature  /s/ Larry Frank Shamblin

Larry Frank Shamblin, Debtor